

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, *et al.*, <br>          Plaintiffs, <br><br> v. <br><br> A.H. PALMER & SONS, LLC, <br><br>          Defendant. | ) ) ) ) ) ) ) ) Case No. 1:15-cv-00637 (CMH/IDD) ) ) ) ) ) ) |

# REPORT AND RECOMMENDATION

This matter is before the Court on the Trustees of the Plumbers and Pipefitters National Pension Fund ("NPF") and the Trustees of the International Training Fund's ("ITF") (collectively "Plaintiffs") Motion for Default Judgment against A.H. Palmer & Sons, LLC ("Defendant") pursuant to Federal Rule of Civil Procedure 55. (Dkt. No. 9.) After a licensed attorney for Defendant failed to appear at the hearing on July 24, 2015, the undersigned Magistrate Judge took this matter under advisement. Upon consideration of the Complaint, Plaintiffs' Motion for Default Judgment, and the supporting affidavits, the undersigned Magistrate Judge makes the following findings and recommends that default judgment be entered against Defendant.

## I.     INTRODUCTION

On May 18, 2015, Plaintiffs filed this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and under Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). (Compl. ¶ 1.) These Acts allow parties to enforce provisions of their collective

bargaining agreements. In filing their Complaint, Plaintiffs seek unpaid contributions, interest on the unpaid contributions, liquidated damages, injunctive relief,[1] and attorneys' fees and costs, pursuant to ERISA, LMRA, the Collective Bargaining Agreement, and the Restated Agreements and Declarations of Trust executed by the United Association Local Union No. 140 ("Local Union") and Defendant. (Compl. ¶¶ 5, 12, 14, 23, 25.)

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 185(a), 1132, and 1145 because the funds are administered from the Plaintiffs' principal place of business in Alexandria, Virginia. (Compl. ¶¶ 1-2, 4.) Where an action is brought in a district court of the United States under Sections 502 and 515 of ERISA, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Moreover, "[a suit] for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

This Court has personal jurisdiction over Defendant under the decision in *Board of Trustees, Sheet Metal Workers' National Pension Fund v. McD Metals, Inc.* 964 F. Supp. 1040, 1045 (E.D. Va. 1997).[2] Additionally, this Court has personal jurisdiction over Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. § 185(a). Venue is properly situated in this District because the breach of the collective

---

[1] Plaintiffs have not pursued their request for injunctive relief (Count III) in their Motion for Default Judgment.

[2] The Court held that the Eastern District of Virginia had personal jurisdiction over defendant, a New York corporation, because ERISA provided for nationwide service of process, and thus, the Fifth Amendment "national" contacts theory is applicable, and the Virginia long-arm statute under Virginia Code § 8.01-328.1 is inapplicable.

bargaining agreements and consequential breach of Section 515 of ERISA, 29 U.S.C. § 1145, occurred within this judicial district. (*See* Compl. ¶¶ 1-2, 9, 20.)

### B. Service of Process

Under 29 U.S.C. § 1132(e)(2), service of process is proper in any district where a defendant resides or may be found. When a plaintiff fails to serve the defendant properly under federal or state law, a court lacks personal jurisdiction over the defendant and may not enter default judgment against him. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*, Fed. R. Civ. P. 4(k), (stating "[s]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946))); *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249, 251 (4th Cir. 1974) (reversing district court's decision to enter default judgment against a non-resident defendant union because the court lacked personal jurisdiction where the plaintiff failed to effectively serve the union with summons and complaint).

Although § 1132(e) states where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur. Under Rule 4(h), service upon a corporation, partnership, or other unincorporated association shall be effectuated "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h).

On June 1, 2015, a private process server served Scott W. Palmer, registered agent and member authorized to accept service on behalf of the Defendant, with a true and correct copy of the Summons and Complaint. (Dkt. No. 5.) Therefore, Plaintiffs properly served Defendant

pursuant to 29 U.S.C. § 1132(e)(2) and Rule 4(h).

### C. Grounds for Default

Plaintiffs filed their Complaint on May 18, 2015. (Dkt. No. 1.) Defendant has failed to appear, answer, or file any other responsive pleadings in this matter. On June 26, 2015, Plaintiffs filed a Request for Entry of Default with the Clerk. (Dkt. No. 6.) On June 29, 2015, the Clerk entered default against Defendant. (Dkt. No. 7.) On June 30, 2015, Plaintiffs filed a Motion for Default Judgment and the Court conducted a hearing on the matter on July 24, 2015. (Dkt. Nos. 9, 13.) After Defendant failed to appear at the July 24, 2015 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. EVALUATION OF PLAINTIFFS' COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the complaint. *See, e.g., Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law, and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*,

4

515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiffs' claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 663-64).

### III. FACTUAL FINDINGS AND ANALYSIS

The undersigned Magistrate Judge makes the following findings of fact based on the Complaint; the Motion for Default Judgment and memorandum in support thereof; the affidavits of William T. Sweeney, Jr., Administrator of the NPF ("Sweeney NPF Aff."), who is also authorized to execute an affidavit on behalf of the ITF ("Sweeney ITF Aff."); the Declaration of Rebecca Richardson, Plaintiffs' counsel ("Richardson Decl."); and the documents submitted in proof of damages.

Plaintiffs are the trustees of multi-employer employee benefit plans[3] administered from offices located in Alexandria, Virginia. (Compl. ¶¶ 1-2.) The NPF is established and maintained by a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement executed between Local Union No. 140 and Defendant. (Compl. ¶ 1.) The ITF is also established

---

[3] Such plans are defined by ERISA, 29 U.S.C. § 1002(3), (37).

and maintained by a Restated Trust Agreement and by a Collective Bargaining Agreement executed between Local Union No. 140 and Defendant. (Compl. ¶ 2.) Defendant is a Utah corporation, with an office located in Logan, Utah, and transacts business as a contractor or subcontractor in the plumbing and pipefitting industry. (Compl. ¶ 3.) Defendant is an "employer in an industry affecting commerce," as defined by 29 U.S.C. § 1002(5), (9), (11), (12), and (14); 29 U.S.C. §§ 142(1), (3), and 152(2); and 29 U.S.C. § 1001(a). (*Id.*) Plaintiffs allege, and by failing to answer Defendant admits,[4] that Defendant employed certain employees covered under the Collective Bargaining Agreement during the period alleged by Plaintiffs. (Compl. ¶ 8; Sweeney NPF Aff. ¶ 4; Sweeney ITF Aff. ¶ 4.)

Defendant is a signatory to the Collective Bargaining Agreement with Local Union No. 140, establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by Defendant. (Compl. ¶ 5.) Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay both NPF and ITF certain sums of money for each hour worked by employees of Defendant covered by the Collective Bargaining Agreement. (Compl. ¶¶ 6-7.) Plaintiffs claim that Defendant employed certain employees covered under the Collective Bargaining Agreement and failed to make proper contributions to the NPF (Count I), and the ITF (Count II) for work performed at Defendant's request from May 2014 through July 2014. (Compl. ¶¶ 8-10, 20-21.)

### A. Count I – National Pension Fund

Defendant failed to make contributions on behalf of members in Local Union No. 140's jurisdiction for the months May 2014 through July 2014. (Compl. ¶ 9.) Paystubs submitted by

---

[4] Fed R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts alleged state a claim.").

Defendant's covered employee indicate that Defendant owes contributions in the amount of $1,155.60 for this period. (Compl. ¶¶ 10, 12; Sweeney NPF Aff. ¶ 6.) Defendant also failed to submit remittance reports to the NPF for the same period. (Compl. ¶ 11.) Pursuant to Article VI, Section 6 of the Restated Agreement and Declaration of Trust, Plaintiffs are entitled to rely on Defendant's past reports to project the delinquent amounts due for May 2014 through July 2014, which total $4,615.65. (Compl. ¶¶ 13-15; Sweeney NPF Aff. ¶¶ 6-11.) Therefore, Defendant owes $5,771.21 in contributions to the NPF. (Compl. ¶ 16; Sweeney NPF Aff. ¶ 12.)

The NPF further alleges that Defendant is bound to make payments under Article VI, Section 5 of the Restated Agreement and Declaration of Trust, which provides that an employer who fails to timely pay the amounts due and payable pursuant to the Collective Bargaining Agreement shall be considered delinquent and may be assessed liquidated damages in the amount of ten percent (10%) of the amount due. (Compl. ¶ 17.) In accordance with this provision, the NPF claims that it is owed liquidated damages totaling $577.13 for the months May 2014 through July 2014. (Compl. ¶ 18; Sweeney NPF Aff. ¶ 14.)

Additionally, the Restated Agreement and Declaration of Trust allows interest on any amounts owed to the NPF accruing at the rate of twelve percent (12%) per annum from the due date through the date of payment. (Compl. ¶ 18(A); Sweeney NPF Aff. ¶ 14.) Therefore, the NPF alleges that Defendant owes interest on the delinquent contributions in the amount of $691.42, calculated at the rate of 12% per annum from the due date through the date of payment or July 17, 2015, and continuing to accrue at the same rate until the date paid. (*Id.*)

### B. Count II – International Training Fund

Defendant failed to make contributions to the ITF on behalf of members in Local Union No. 140's jurisdiction for the months May 2014 through July 2014. (Compl. ¶ 20.) Paystubs

submitted by Defendant's covered employee indicate that Defendant owes contributions in the amount of $42.80 for this period. (Compl. ¶ 21; Sweeney ITF Aff. ¶ 6.) Defendant also failed to submit remittance reports to the ITF for the months May 2014 through July 2014. (Compl. ¶ 22.) Pursuant to Article VI, Section 7 of the Restated Trust Agreement, Plaintiffs are entitled to rely on Defendant's past reports to project the delinquent amounts due for May 2014 through July 2014, which total $170.76. (Compl. ¶¶ 24-26; Sweeney ITF Aff. ¶¶ 7-11.) Therefore, Defendant owes $213.56 in contributions to the ITF. (Compl. ¶ 27; Sweeney ITF Aff. ¶ 12.)

The ITF further alleges that, pursuant to Article VI, Section 6 of the Restated Trust Agreement, if an employer fails to file a report or make contributions within ten (10) calendar days of the due date, the Trustees have the discretion to obtain liquidated damages equal to twenty percent (20%) of the amount due for each overdue monthly payment. (Compl. ¶ 28; Sweeney ITF Aff. ¶ 14.) Pursuant to this provision, the ITF contends that it is owed $42.71 in liquidated damages for late payments for the months May 2014 through July 2014. (Compl. ¶ 29; Sweeney ITF Aff. ¶ 15.)

Additionally, Article VI, Section 6 of the Restated Trust Agreement authorizes interest to accrue at a rate of 12% per annum from the due date through the date of payment. (Compl. ¶ 28; Sweeney ITF Aff. ¶ 14.) Accordingly, ITF asserts that Defendant owes $25.59 in interest on the delinquent contributions from the date due through the date of payment or July 17, 2015, and continuing to accrue at the same rate until the date paid. (Sweeney ITF Aff. ¶ 15.)

Thus, pursuant to the agreements and under Section 502(g)(2) of ERISA, Plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) interest on contributions which were paid late or remain unpaid; (3) liquidated damages for contributions which were paid late or remain unpaid; and, (4) reasonable attorneys' fees and the costs of this action. The

amounts due in unpaid and delinquent monthly contributions, liquidated damages on unpaid and delinquent contributions, and accrued interest on unpaid and delinquent contributions, calculated through July 17, 2015, are summarized as follows:

| Plaintiff | Delinquent Contributions | Liquidated Damages | Interest through 7/17/15 | Total |
|---|---|---|---|---|
| NPF | $5,771.25 | $577.13 | $691.42 | **$7,039.80** |
| ITF | $213.56 | $42.71 | $25.59 | **$281.86** |

(Mem. Supp. Default J. at 3; Sweeney NPF Aff. Appx.; Sweeney ITF Aff. Appx.)

### C. Attorney's Fees and Costs

Finally, Plaintiffs seek $2,208.79 in attorney's fees and costs ($1,457.50 in attorney's fees and $751.29[5] in costs) payable to the NPF. (Mem. Supp. Default J. at 3.) In support of this request, Plaintiffs submitted the Declaration of Rebecca Richardson, as well as a time sheet detailing fees and costs through June 30, 2015. (Richardson Decl. ¶¶ 4-9; Appx.) Having examined the declaration and time sheet, the undersigned finds the following costs and attorney's fees to be reasonable:

| Attorney's Fees | Costs |
|---|---|
| $1,457.50 | $751.29 |

### IV. **RECOMMENDATION**

The undersigned Magistrate Judge recommends entry of default judgment in favor of the Trustees of the Plumbers and Pipefitters National Pension Fund and the Trustees of the International Training Fund, and against A.H. Palmer & Sons, LLC. Plaintiffs are entitled to damages in the total amount of $9,530.45, which consists of the following.

---

[5] Although counsel requests $751.29 in costs in paragraph 7 of the Richardson Declaration, at paragraph 9 counsel states that it seeks $626.29 in costs. This discrepancy is not explained; however, the undersigned concludes that the latter figure is merely a typographical error because the itemized costs total $751.29. (Richardson Decl. Appx.)

The National Pension Fund is entitled to recover damages in the following amounts: $5,771.25 in contributions for the months May 2014 through July 2014; $577.13 in liquidated damages for the same period; and, $691.42 in interest accruing from the date due through July 17, 2015. Thus the recommended total damages award for the National Pension Fund is $7,039.80.

The International Training Fund is entitled to recover damages in the following amounts: $213.56 in delinquent contributions for the months May 2014 through July 2014; $42.71 in liquidated damages for the same period; and, $25.59 in interest through July 17, 2015. Thus, the recommended total damages award for the International Training Fund is $281.86.

The National Pension Fund is also entitled to $2,208.79 in attorney's fees and costs ($1,457.50 in attorney's fees and $751.29 in costs). If further action is required to enforce and collect this judgment, Plaintiffs may apply to this Court or to the court in which enforcement is sought for further appropriate injunctive relief in addition to the relief set out in this Report and Recommendation.

## V. <u>NOTICE</u>

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of

record and to Defendant at the following address:

>Scott W. Palmer, Registered Agent/Member
>A.H. Palmer & Sons, LLC
>186 North Main Street
>Logan, UT 84321

/s/
Ivan D. Davis
United States Magistrate Judge

December 8, 2015
Alexandria, Virginia